UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUAN HERNANDEZ,<br><br>     Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security Administration,<br><br>     Defendant. | NO. 1:15-cv-03206-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; REMANDING CASE** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 15, and Defendant's Motion for Summary Judgment, ECF No. 23. The motions were heard without oral argument. Plaintiff is represented by D. James Tree. Defendant is represented by Assistant United States Attorney Timothy Durkin and Special Assistant United States Attorney Tina Saladino.

The Court has reviewed the parties' briefing as well as the administrative record, ECF No. 12. For the reasons set forth below, the Court **grants** Plaintiff's motion, **denies** Defendant's motion, **reverses** the administrative law judge ("ALJ"), and **remands** for additional proceedings consistent with this Order.

## I.   Jurisdiction

On December 6, 2011, Plaintiff filed a Title II application for disability insurance benefits (DIB) and also filed a Title XVI application for supplemental security income (SSI) on the same day. Plaintiff alleged he is disabled beginning

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; REMANDING CASE  ~ 1**

June 1, 2008, due to ankle problems, back problems, vision problems, sleep apnea, carpel tunnel syndrome, hypertension, obesity and diabetes.[1]

His application was denied initially on February 8, 2012, and again denied on reconsideration on July 26, 2012. A timely request for a hearing was made. On December 4, 2013, Plaintiff appeared at a hearing held in Yakima, Washington before Administrative Law Judge (ALJ) Timothy Mangrum. Trevor Duncan, vocational expert, also participated. Plaintiff was represented by Tim Anders, a non-attorney representative.

The ALJ issued a decision on May 7, 2014, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied his request for review on October 15, 2015. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. 42 U.S.C. §405(h).

Plaintiff filed a timely appeal with the U.S. District Court for the Eastern District of Washington on December 14, 2015. The instant matter is before this Court pursuant to 42 U.S.C. § 405(g).

**II.    Sequential Evaluation Process**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §423(d)(2)(A).

---

[1] At the hearing, the alleged onset date was amended to February 6, 2011.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; REMANDING CASE ~ 2**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. § 416.972(a); *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 416.971. If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 416.909. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 416.920(e). An individual's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. § 416.920(f). If the claimant is able to

perform his previous work, he is not disabled. *Id*. If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience? 20 C.F.R. § 416.920(g).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

**III.   Standard of Review**

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; REMANDING CASE ~ 4**

immaterial to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

## IV. Statement of Facts

The facts have been presented in the administrative transcript and the ALJ's decision and will only be summarized here.

At the time of the hearing, Plaintiff was 36 years old. He does not have a high school diploma or a GED. Plaintiff has previously worked in a warehouse, farm labor, and his last attempt at employment was with a company building RVs.

He has carpel tunnel syndrome in his right hand. Surgery was performed, but his symptoms did not improve. He received steroid injections, but he continues to have pain, numbness, and stiffness in the center of his hands and the tips of his fingers and thumbs. He testified that if he uses his hand, it requires several days to recover. Plaintiff also suffers from severe sleep apnea. He has fallen asleep in the car and has experienced four motor vehicle accidents. Because of this, he no longer drives. Because of the sleep apnea, he has headaches and takes frequent naps. Doctors have prescribed a BiPAP machine, but his insurance has continued to deny him one and he does not have any income to purchase it on his own.

Plaintiff also has left knee pain. He received a cortisone injection but it only helped for three days. He reports instability and pain with multiple movements. His insurance denied surgery on his left knee even though his orthopedic doctor recommended it. He did have surgery on his right knee to fix a bucket tear in the meniscus. He also has degenerative changes in his lumbar spine and testified that he experiences back pain.

Finally, Plaintiff is morbidly obese. At times, he has been able to lose some weight, but has not been able to maintain the weight loss.

## V. The ALJ's findings

Initially, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through June 30, 2013. (Tr. 22.)

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; REMANDING CASE ~ 5**

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since February 6, 2011, the amended alleged onset date.. (Tr. 22.)

At step two, the ALJ found Plaintiff has the following severe impairments: degenerative disc disease; degenerative joint disease, bilateral knees (mild); sleep apnea. (Tr. 22.) The ALJ concluded that Plaintiff's impairments of obesity, carpal tunnel syndrome, diabetes and hypertension were non-severe. (Tr. 22.)

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal Listing 12.01 (Major Dysfunction of the Joint), 12.04 (Disorders of the Spine), or Listing 3.10 (Sleep Apnea). (Tr. 23.)

The ALJ concluded that Plaintiff has the residual functional capacity to perform light work except he can occasionally kneel, crawl, frequently stoop, and frequently handle and finger. (Tr. 24.)

At step four, the ALJ found Plaintiff was not capable of performing any past relevant work. (Tr. 27.) The ALJ noted that Plaintiff had past relevant work as an assembler; farm worker (fruit); installer; material handler; and stock clerk. (Tr. 27.)

At step five, the ALJ found there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 28.) Because Plaintiff's ability to perform work at the full range of light work was compromised by nonexertional limitations, the ALJ relied on the vocational expert's testimony that Plaintiff would be able to perform the requirements of representative occupations such as: cashier, delivery driver, mail clerk. In doing so, the ALJ concluded that Plaintiff was not disabled under section 1614(a)(3)(A) of the Social Security Act.

## VI. Issues for Review

1. Did the ALJ properly evaluate the opinions of Plaintiff's treating doctor?

2. Did the ALJ properly evaluate Plaintiff's symptom testimony?

3. Did the ALJ properly evaluate Plaintiff's obesity and carpal tunnel syndrome?

4. Did the ALJ properly determine Plaintiff's RFC assessment regarding Plaintiff's manipulative limitations?

5. If the ALJ erred in making its determination, was the error harmless?

## VII. Discussion

Here, even a cursory review of the record indicates the ALJ erred in failing to adequately consider the effect of Plaintiff's obesity on his other impairments. The only mention of Plaintiff's obesity by the ALJ was in the finding that it was a non-severe impairment at step two. It is clear the ALJ did not consider the effect of Plaintiff's obesity on his other impairments when assessing his RFC.

The ALJ erred in failing to find that Plaintiff's obesity is a "severe" impairment. An impairment is "non-severe' only if it is a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the individual's ability to do basic work activities. *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005). Here, Plaintiff's treating doctor repeatedly opined that Plaintiff's excess weight contributed to his medical conditions. *See* Tr. 345, 347, 348. The record also indicates that Plaintiff experienced edema in the bilateral lower extremities on several occasions. (Tr. 301, 382, 566.) The ALJ erred when it did not consider whether Plaintiff's obesity alone and in combination with his other impairments was severe, and erred in failing to assess the functional limitations from obesity alone and in combination with other impairments. Notably, the ALJ failed to consider the effect of Plaintiff's obesity as it related to his level of pain caused by the carpel tunnel syndrome and knee and back pain. At the minimum, if the ALJ thought that Plaintiff's obesity had not resulted in limitations on his ability to work, it needed to explain how it reached that conclusion. *See Arnett v. Astrue*, 676 F.3d 586, 593 (7th Cir. 2012).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; REMANDING CASE ~ 7**

Second, the ALJ erred in failing to make a thorough evaluation of Plaintiff's hand impairments. The ALJ failed to consider relevant evidence, including that fact that surgery was performed but was deemed unsuccessful. Consequently, its finding that Plaintiff's carpel tunnel syndrome was non-severe is not supported by the record.

Even if Plaintiff's carpel tunnel syndrome or obesity was non-severe, the ALJ erred in failing to properly incorporate his manipulative limitations (caused either by the CTS or obesity) when it determined Plaintiff's RFC. *See Orn v. Astrue*, 496 F.3d 625, 629 (9th Cir. 2007)(citing to 42 U.S.C. § 423(d)(2)(B): "In determining whether an individual's . . . impairments are of a sufficient medical severity that such . . . impairments could be the basis of eligibility under this section, the Commissioner of Social Security shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.")).

Finally, it failed to discuss and address limitations caused by Plaintiff's severe sleep apnea.

With respect to Plaintiff's credibility, the ALJ did not support its adverse credibility determination with clear and convincing reasons. Here, the medical evidence establishes diagnoses of carpel tunnel syndrome, sleep apnea and knee dysfunction that could reasonably produce the symptoms he described. Also, the daily activities described by Plaintiff do not support a conclusion that he would be able to spend a substantial part of his day engaged in these activities. Moreover, he testified to significant limitations in his daily activities. His doctor's advice that he engage in exercise, including walking, does not suggest his doctors believed such exercise would include gripping, handling, and fingering, which the ALJ so concluded to support a finding that Plaintiff's testimony was not credible. Finally, the ALJ misconstrued the record when it relied on Plaintiff's failure to use his prescribed CPAP machine to find him not credible. A closer reading of the record

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; REMANDING CASE ~ 8**

demonstrates that Plaintiff tried on numerous occasions to use his machine, but he was unable to afford the BiPAP machine prescribed by his doctors.

These errors were not harmless and remand is necessary for the Commissioner to properly evaluate the medical evidence and consider the effect of Plaintiff's obesity and manipulation limitations on his RFC.

## VIII.  Conclusion

The ALJ committed clear error in concluding that Plaintiff's obesity and carpel tunnel syndrome were non-severe, and also committed clear error in failing to account for these impairments in determining Plaintiff's RFC and in failing to address the limitations caused by Plaintiff's severe sleep apnea. Remand is necessary to permit the Commissioner to properly review the record to determine whether Plaintiff is disabled.

Accordingly**, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, ECF No. 15, is **GRANTED**.

2.  Defendant's Motion for Summary Judgment, ECF No. 23, is **DENIED**.

3. The decision of the Commissioner denying benefits is **reversed** and **remanded** to the Social Security Administration for further administrative proceedings consistent with this Order.

4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 13th day of December, 2016.



Stanley A. Bastian
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; REMANDING CASE  ~ 9